IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | | |
|---|---|---|
| SUSAN AYLA ROSE, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 23-44 |
| | * | Removed from Circuit Court of Mobile, Alabama |
| | | 02-CV-2023-900014 |
| | * | |
| WALMART CLAIMS SERVICES, INC. | * | |
| WALMART, INC. | * | |
| FICTITIOUS PARTIES 1 TO 2 | * | |
| | * | |
| Defendants. | * | |

NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF ALABAMA
      SOUTHERN DIVISON

Defendants WALMART, INC and WALMART CLAIMS SERVICES, INC. (collectively "Walmart") give notice pursuant to 28 U.S.C. § 1441 and 1446 that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Walmart respectfully shows unto the Court as follows:

I.   RELEVANT PROCEDURAL FACTS

1.   An action was commenced against Walmart in the Circuit Court of Mobile County, Alabama, entitled *Susan Ayla Rose, Plaintiff v. Walmart Claims Services Inc., Walmart, Inc., and Fictitious Parties A – Z, Defendants,* Civil Action No. 02-CV-2023-900014. Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Mobile County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Walmart on January 9, 2023, which was Walmart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty (30) days after the receipt by Walmart of the initial filed pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b). The Circuit Court of Mobile County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama and resides in Mobile County, Alabama. *See* Compl.

6. Walmart Claims Services, Inc. is a citizen of Arkansas. *See* 28 U.S.C.A. § 1332(c)(1). Defendant Walmart Claims Services, Inc. is organized under the laws of Arkansas and maintains its principal place of business in Bentonville, Arkansas.

7. Walmart, Inc. is a citizen of Delaware and Arkansas. *See* 28 U.S.C.A. § 1332(c)(1). Defendant Walmart, Inc. is organized under the laws of Delaware and maintains its principal place of business in Bentonville, Arkansas.

## II.      AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint asserts premises liability claims for negligence against Walmart, alleging that she sustained bodily injuries as a result of lifting a case of water from a pallet at the Dawes Road Walmart store. (Ex. A.)  Her Complaint seeks compensatory and punitive damages and alleges that "[t]he amount in controversy exceeds $50,000." (Id.) Plaintiff alleges that she was caused "to suffer permanent injuries to her neck, shoulders, back, and right hand" as well as "physical, psychological, and emotional" damages. (Id.)  She further alleges that "many of her injuries are permanent" and that she "will continue to suffer additional damages in the future." (Id.)  Finally, she claims that "her work life and income [have] been affected by the incident" and "also her physical weight, blood pressure, and overall health has declined" as a result of this incident and she "has experienced depression and emotional damages." (Id.)

9. "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)).  A removing defendant may offer "a wide range of evidence," including affidavits, depositions, or other "summary judgment-type evidence" to establish the amount in controversy." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-56 (11th Cir. 2010).  The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed.  *See Id.* at 751.  "In some cases, this burden requires the removing defendant to

3

provide additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d 744).

10. Plaintiff Counsel sent a letter dated January 4, 2022, to Walmart Claims Services, Inc. demanding a settlement amount of One Hundred Thousand and 00/100's Dollars ($100,000.00). (Jan. 4, 2022, Corresp., attached as Exhibit "B".) In the letter, Plaintiff Counsel specifically stated,

> The combination of the multiple reckless and negligent behaviors outlined above all played a particular role in Ms. Rose's physical pain and mental anguish in the many months following the incident at Walmart on January 5, 2021. Ms. Rose has undergone months of treatment, and continues to suffer from physical pain to this day.

.(Ex. B) (emphasis added.) Plaintiff Counsel then claimed that he would recommend Plaintiff settle her claim for $100,000.00 due to the "long term injuries [that] were suffered by [his] client" and attached a summary of "special damages" totaling Five Thousand, Three hundred Sixty and 20/100s ($5,360.20) (Ex. B.)

11. Thus, according to Plaintiff Counsel's own assessment of the settlement value of this case, in addition to the damages alleged, the required amount in controversy in this matter is more than exceeded. "The Eleventh Circuit has . . . given preference to a plaintiff's own assessment of the value of its case." *Salsberry v. RT W. Palm Beach Franchise, Ltd*, No. 14-80922-CIV, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir 1994).)

12. Plaintiff Complaint in addition to Plaintiff Counsel's letter provided the first "other paper" received by Walmart from which it was unambiguously ascertainable that this matter is removable in accordance with 28 U.S.C. § 1446(b). *See Lowery*, 483 F.3d at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul*

*Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999)) ("the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."). "[S]ettlement offers that provide 'specific information … to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Jackson v. Select Portfolio Serv., Inc.,* 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Management Co. v. Geac Computers, Inc*., 990 F. Supp. 1368 (M.D. Ala. 1998)). As Plaintiff Counsel has indicated in his correspondence that the amount in controversy is more than $75,000.00, and the amount in controversy requirement for removal is, therefore, satisfied.

    IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

    13.    This action may be removed to this Court by Walmart pursuant to 28 U.S.C. § 1441, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

    14.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

    15.    If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendants WALMART CLAIMS SERVICES, INC. and WALMART, INC., desiring to remove this cause to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that this Court will make any and all orders necessary to

effect the removal of this cause from the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile County, Alabama.

Respectfully submitted this 1st day of February 2023.

/s/ Chad C. Marchand
W. PEMBLE DELASHMET (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND      (MARCC5089)
ccm@delmar-law.com
KEITH B. FRANKLIN     (FRANK8196)
kbf@delmart-law.com
*Attorneys for Defendants*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 1st day of February, 2023.

Johnathan E. Austin
Austin Law, PC
Post Office Box 321173
Birmingham, AL 35212

                                          */s/ Chad C. Marchand*
                                          OF COUNSEL