# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN AYLA ROSE, | * |
| Plaintiff, | * |
| vs. | * CASE NO. 23-44 |
| | * Removed from Circuit Court of |
| | * Mobile, Alabama |
| | * 02-CV-2023-900014 |
| WALMART CLAIMS SERVICES, INC. | * |
| WALMART, INC. | * |
| FICTITIOUS PARTIES 1 TO 2 | * |
| Defendants. | * |

## WALMART'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants WALMART, INC and WALMART CLAIMS SERVICES, INC. (collectively "Walmart") answer Plaintiff's Complaint as follows, with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### I.   PARTIES

1. As this paragraph is a statement of Plaintiff's residency it does not require a response from Walmart.

2. Admitted.

3. Walmart, Inc. admits that it is organized under the laws of Delaware and maintains its principal place of business in Bentonville, Arkansas. Walmart further admits that it controlled the premises located at 2500 Dawes Road, Mobile, AL 36695, Store #4581. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

4. As this paragraph is a statement of fictitious defendants and therefore, no response is required from Walmart.

## II. JURISDICTION AND VENUE

5. Walmart, Inc. admits that it operated a business located in Mobile County, Alabama and are engaged in regular business operations in Mobile County, Alabama. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

6. Walmart admits that the actions that are the subject of Plaintiff's Complaint occurred in Mobile County, Alabama. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

7. Walmart based upon information and belief, namely, Plaintiff Counsel's representations and settlement demands, admits that the amount that Plaintiff claims is in controversy exceeds $50,000, but denies that it is liable to Plaintiff and denies that the damages in this case exceed $50,000. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

8. Admitted.

9. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

10. Walmart admits that Plaintiff was present in Walmart Store #4581 on or about January 5, 2021. Walmart, however, is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

11. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

12. Walmart denies the allegations of this paragraph and demands strict proof thereof.

13. Walmart denies the allegations of this paragraph and demands strict proof thereof.

14. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

15. Walmart denies the allegations of this paragraph and demands strict proof thereof.

16. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

17. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

18. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

19. Walmart admits that Plaintiff reported an accident, that photographs of the area were taken as well as Plaintiff's cart containing a case of water, and that an incident report was made. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

20. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

21. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

22. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

23. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

24. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

25. Walmart is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same and demand strict proof thereof.

26. Walmart denies the allegations of this paragraph and demands strict proof thereof.

27. Walmart denies the allegations of this paragraph and demands strict proof thereof.

IV.   CAUSES OF ACTION

COUNT I: NEGLIGENCE

28. Walmart adopts and incorporates the previous paragraphs as if fully set forth herein.

29. Walmart denies the allegations of this paragraph and demands strict proof thereof.

30. Walmart denies the allegations of this paragraph and demands strict proof thereof.

31. Walmart denies the allegations of this paragraph and demands strict proof thereof.

32. Walmart denies the allegations of this paragraph and demands strict proof thereof.

COUNT II:  NEGLIGENT TRAINING AND SUPERVISION

33. Walmart adopts and incorporates the previous paragraphs as if fully set forth herein.

34. Walmart denies the allegations of this paragraph and demands strict proof thereof.

35. Walmart denies the allegations of this paragraph and demands strict proof thereof.

36. Walmart denies the allegations of this paragraph and demands strict proof thereof.

37. Walmart denies the allegations of this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

Walmart denies the allegations and demand for damages in the unnumbered paragraph under the heading "Prayer for Relief."

## AFFIMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2. Defendant Walmart Claims Services, Inc. is in improper party, Plaintiff fails to state any viable claim against this defendant, and therefore, this defendant is due to be dismissed.

3. Plaintiff's claims are barred by insufficiency of service and/or insufficiency of process.

4. Walmart denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

5. The Plaintiff was guilty of negligence that contributed to cause the injuries about which he complains, and therefore under Alabama law is not entitled to recover any damages.

6. The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Alabama law.

7. Walmart did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Walmart owed Plaintiff no duty to eliminate the alleged hazard.

8. No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

9. Walmart owed Plaintiff no duty as alleged.

10. Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

11. Plaintiff's claims are barred due to her contributory negligence.

12. Plaintiff assumed the risk associated with her actions and therefore her claims against this Defendant fail.

13. Plaintiff assumed the risk of conditions present and the dangers inherent therein.

14. Plaintiff's claims are precluded by the applicable statute of limitations.

15. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Walmart.

16. Walmart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of his injury; therefore, Plaintiff should not recover from Walmart.

17. Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

18. Walmart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

19. Walmart is entitled to the applicable Alabama statutory damages caps.

20. Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

21. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with this defendant.

22. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

23. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

24. Inasmuch as Plaintiff asserts a claim for punitive damages, as applied in this case would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

25. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways: a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

i. Seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

ii. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution. d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

iii. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

iv. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U.S. Constitution.

v. It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

vi. It would result in multiple awards of punitive damages for the same alleged acts or omission in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

vii. It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

viii. It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution. k. It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

ix. It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

x. The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged

misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

xi. The Plaintiff's claim improperly seeks to justify and award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

xii. The applicable state law fails to provide a clear, objective, and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

26. Defendants respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

27. Any relief for punitive damages sought by Plaintiff is limited by and must comply with Ala. Code § 6-11-20, et. seq.

28. Defendants reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

DEFENDANTS DEMANDS TRIAL BY STRUCK JURY

/s/ Chad C. Marchand
W. PEMBLE DELASHMET (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND      (MARCC5089)
ccm@delmar-law.com
KEITH B. FRANKLIN      (FRANK8196)
kbf@delmart-law.com
*Attorneys for Defendants*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 1st day of February, 2023.

Johnathan E. Austin
Austin Law, PC
Post Office Box 321173
Birmingham, AL 35212

                                                     */s/ Chad C. Marchand*
                                                     OF COUNSEL