**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUSAN AYLA ROSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:23-cv-44-TFM-MU** |
| | ) | |
| **WALMART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is the *Motion for Summary Judgment* (Doc. 35, filed 11/05/24) brief in support (Doc. 36), and evidentiary submissions (Docs. 36-1 through -7) that were filed by Defendant Walmart, Inc.  Plaintiff Susan Ayla Rose timely filed her response in opposition to the motion (Doc. 38), and Defendant Walmart, Inc., timely filed its reply (Doc. 39).  The Court heard the motion for summary judgment on September 4, 2025, during which both parties' counsel appeared and argued their respective positions.  *See* Doc. 46.  Having considered the motion, response, reply, the evidentiary submissions, arguments by counsel, and the relevant law, the Court finds the motion for summary judgment (Doc. 35) is due to be **GRANTED**.

## I.    PARTIES AND JURISDICTION

Plaintiff Susan Ayla Rose ("Plaintiff" or "Rose") brings her claims against Walmart Inc. ("Walmart").  The Court notes that in the *Report of the Parties' Planning Meeting*, Defendant Walmart Claims Services, Inc., asserts it is an improper party to this case, and Walmart, Inc., is the properly named party.  Doc. 12 at 4.  Defendant Walmart, Inc., reiterated the same in the *Supplemental Report of Settlement Assessment*.  Doc. 33 at 1.  On October 23, 2025, the Court noted in an order the discrepancy in the named defendant and noted that it appeared Defendant

Walmart, Inc. is the properly named party and issued a show cause order on why Defendant

Walmart Claims Services, Inc should not be dropped pursuant to Fed. R. Civ. P. 21. *See* Doc. 50.

No response was filed by the objections deadline of October 30, 2025. Therefore, pursuant to Rule

21, Walmart Claims Services, Inc. is dropped as a named party.

The Court has subject matter jurisdiction over the claims in this action pursuant to 28

U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and there are

adequate allegations to support both. The district court has personal jurisdiction over the claims

in this action because the events that gave rise to this action are alleged to have occurred within

this judicial district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir.

2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the

cause of action alleged in the complaint . . . . General personal jurisdiction, on the other hand,

arises from a defendant's contacts with the forum that are unrelated to the cause of action being

litigated. The due process requirements for general personal jurisdiction are more stringent than

for specific personal jurisdiction, and require a showing of continuous and systematic general

business contacts between the defendant and the forum state."). Venue is proper in this Court

pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that gave

rise to this litigation occurred in this judicial district.

## II.    BACKGROUND[1]

---

[1] At the summary judgment stage, the facts are "what a reasonable jury could find from the evidence viewed in the light most favorable to the non-moving party." *Cantu v. City of Dothan*, 974 F.3d 1217, 1222 (11th Cir. 2020) (quoting *Scott v. United States*, 825 F.3d 1275, 1278 (11th Cir. 2016)). "[W]here there are varying accounts of what happened, the proper standard requires us to adopt the account most favorable to the non-movant." *Id.* (quoting *Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016)). Therefore, the recitation of facts here are those construed in favor of the plaintiff. "The 'facts' at the summary judgment stage are not necessarily the true, historical facts; they may not be what a jury at trial would, or will, determine to be the facts." *Id.*

This claim is for damages for an allegedly hazardous condition that was present on January 5, 2021, at the Walmart store on Dawes Road in Mobile, Alabama. Rose, who was undisputedly an invitee at the time of her incident, went there to shop for groceries. Doc. 36. Rose testified as follows:

> I went shopping, and I came to the area where the water was. And I reached in to get the water, and I – it was back a little bit. So I reached in there, and I slid it forward and was picking it up, and before I could pick it up, I felt a jolt, and it just jerked me inwards and forward. And at that time, the cage rattled and the wrench- some tool fell down. It was a wrench. And hit my hand. And I- that's how I injured it. That's how it happened.

Doc. 36-1 at 3.

Plaintiff originally filed her Complaint in the Circuit Court of Mobile County, Alabama, on January 5, 2023, in which she asserted claims of negligence (Count 1) and negligent training and supervision (Count 2) against Walmart, Inc., and alleged she sustained bodily injuries after she lifted a case of water from a pallet at the Dawes Road Walmart store. Doc. 1-3 at 2-8. Walmart timely removed this matter based on diversity jurisdiction, on February 1, 2023, and filed an answer on the same date. *See* Docs. 1, 2.

On November 5, 2024, Walmart filed its motion for summary judgment, brief in support, and evidentiary submissions. *See* Docs. 35, 36. Plaintiff timely filed her response in opposition to the motion, and Defendant Walmart, Inc., timely filed its reply. *See* Docs. 38, 39. The Court set the motion for summary judgment for oral argument, which was held on September 4, 2025, and at which counsel for both parties appeared. *See* Doc. 46. The Court previously informed the parties by oral ruling on September 10, 2025 (*see* Doc. 48) and indicated a written opinion and judgment would follow. This is that opinion.

### III.    STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R.

CIV. P. 56(a), (b).  Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'").  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Ritchey v. S. Nuclear Operating Co.,* 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248).[2]  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  Only disputes about the material facts will preclude the granting of summary judgment.  *Id*.

The movant bears the initial burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(e)(1).  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty County*, 684 F.2d 1365,

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322.

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56€, the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order."  FED. R. CIV. P. 56(e).

## IV.    DISCUSSION AND ANALYSIS

Defendant Walmart moves this Court to grant summary judgment in its favor on all of Plaintiff's claims pending in this matter alleging there are no genuine issues of material fact and Walmart is entitled to judgment as a matter of law.  As an initial matter, the Court notes that

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938), the Supreme Court held that in diversity jurisdiction cases, like the present case, courts should apply state substantive law.  The Supreme Court elaborated further, advising that "federal courts are to apply state substantive law and federal procedural law."  *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965).  Accordingly, Alabama's substantive law governs the interpretation of the case at hand.

The Court will now address Walmart's arguments in turn.

## A.    Notice and Not Unreasonably Dangerous Condition

Plaintiff asserts a claim of negligence.  While the Complaint names the first count as "negligence," it is clear from the allegations that it is a premises liability claim and the parties treat it as such in their motion and response.  Regardless, under Alabama law, "[i]n [a] premises-liability case, the elements of negligence are the same as those in any tort litigation."  *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000) (quotations and citation omitted).  "To establish negligence in a premises-liability case under Alabama law, [a plaintiff] must establish

'duty, breach of duty, cause in fact, proximate or legal cause, and damages.'" *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892, 894 (11th Cir. 2014) (quoting *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000)).

The Complaint alleges Plaintiff suffered an injury at Walmart after she attempted to retrieve a case of bottled water off of a pallet to place in her buggy, and "unbeknownst to her, the 32-pack of water that she was attempting to retrieve was stacked in a way that obstructed the view of what was underneath the cardboard, which was an empty space." Doc. 1-3 at 4. Plaintiff further alleges: "As the Plaintiff lifted the 32-pack of water towards her, the open space below gave way, and caused Plaintiff to fall forward into the pallet of water and injuring her back." *Id*. Plaintiff claims: "Concurrently with the Plaintiff falling forward into the stack of waters, a wrench which was presumably left by the Defendant, fell and struck the Plaintiff in her right hand, causing severe pain and discomfort." *Id*.

Under Alabama law, a customer entering a store is an invitee, and the storekeeper owes the customer a duty to exercise reasonable care to keep the premises in a reasonably safe condition. *Cox v. Western Supermarkets, Inc.,* 557 So. 2d 831 (Ala. 1989). "There is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d at 314. "[T]he storekeeper is not an insurer of the customer's safety," but rather is liable when he or she negligently fails to exercise reasonable care to maintain the premises in a reasonably safe condition free of foreign substances. *Cox*, 557 So. 2d at 832 (citing *Clayton v. Kroger Co.*, 455 So. 2d 844, 845 (Ala. 1984)).

> To establish liability in a slip-and-fall case, a plaintiff must first prove that the defendant business had notice of the substance that caused the accident. This can be done in one of three ways: (1) by showing that the business had actual notice that the substance was on the floor; (2) by showing that the substance had been on the floor so long that the store had constructive notice of it; or (3) by showing that the store was otherwise delinquent in failing to discover and to remove the

substance.

*Knox v. United States*, 978 F. Supp. 2d 1203, 1209 (M.D. Ala. 2013) (citations omitted).

In this case, Plaintiff was shopping for groceries at Walmart, and in particular she was shopping for a 32-pack of water that were stacked approximately waist high. Plaintiff testified when she pulled the water out, no other cases of water fell out. Plaintiff claims she reached in to get the water, which was "back a little bit," and a wrench, or some tool fell down, and hit her hand.

Plaintiff bears the burden to prove there was an unreasonably dangerous defect in the premises that caused her injury. *See, e.g. Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88 (Ala. 2011) (holding that defendant was entitled to summary judgment where plaintiff failed to prove a gap in the bottom of a fence where plaintiff was injured was either defective or unreasonably dangerous). The issue of whether a defendant has notice of a condition, or whether a defendant failed to properly maintain or inspect an area, is not a consideration unless and until a plaintiff presents substantial evidence that the condition at issue was, in fact, defective. *See Johnson v. Sears Roebuck & Co.,* Civ. Act. No. 4:15-cv-01707-SGC, 2018 U.S. Dist. LEXIS 92729, at *6, 2018 WL 2463119, at *3 (N.D. Ala. June 1, 2018); *Iguess v. Hyundai Motor Mfg., Ala. LLC*, Civ. Act. No. 2:13-cv-0237-MEF, 2014 U.S. Dist. LEXIS 54673, at *8-9, 2014 WL 1584480, at *3 (M.D. Ala. Apr. 21, 2014); *Mims v. Jack's Restaurant*, 565 So. 2d 609, 610-11, (Ala. 1990); *Miller ex rel. Miller v. Liberty Park Joint Venture*, LLC, 84 So. 3d 88, 92 (Ala. Civ. App. 2011); *Edwards v. Intergraph Servs. Co.*, 4 So. 3d 495, 502-03 (Ala. Civ. App. 2008); *Butler v. AAA Warehousing & Moving Co.,* 686 So. 2d 291, 293-94 (Ala. Civ. App. 1996).

There is nothing in the record to suggest the pallet, or the cases of water, were defective, broken, or otherwise was in disrepair. Accordingly, Plaintiff has failed to meet her burden demonstrating a defective premises.

In addition, Plaintiff has presented no evidence that shows Walmart had, or should have had, notice of the "gap" that she reached into to get the water out. *See Nobles v. Wal-Mart Inc.*, 702 F. Supp. 3d 1198, 1204 (N.D. Ala. 2023); *Harding v. Pierce Hardy Real Est.*, 628 So. 2d 461, 463 (Ala. 1993); *Clayton v. Kroger Co., Inc.*, 455 So. 2d 844, 845 (Ala. 1984). However, to prove a premises liability claim, Plaintiffs need not prove actual notice and, instead, may establish Walmart had constructive notice or the store was otherwise delinquent in failing to discover and to remove the substance.

"Constructive notice may be proven with circumstantial evidence that the substance had been on the floor for a long enough period of time that the business should have been aware of it." *Knox*, 978 F. Supp. 2d at 1210 (citing *Cash v. Winn-Dixie of Montgomery, Inc.*, 418 So. 2d 874, 875 (Ala. 1982)). "Direct evidence of the length of time the offending substance has remained on the floor is not required." *Cash*, 418 So. 2d at 875. "An inference may be made as to the length of time a substance has been on the floor from the nature and condition of the substance, but this inference must be a reasonable one." *Id.* at 876. For example, "[w]here the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the business may be found to have had a duty to discover and remove it." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 17 (Ala. 1990) (citations omitted). "To show that a defendant had constructive notice, the plaintiff must present evidence about the source of the substance that caused the slip and fall and not rely on speculation, conjecture or guess." *Knox*, 978 F. Supp. 2d at 1210.

As for the wrench, Plaintiff did not see the wrench before it fell, and she does not know who the wrench belonged to. There were no workers in the area using any tools, and Plaintiff does not know what type of wrench it was that fell. There is no other information in the record regarding

the wrench, including no facts that indicated Walmart was responsible for the wrench's presence in the area, Walmart knew there was a wrench in the area, or Walmart should have known of the wrench because it had been there for an extended time period of time. Therefore, there is no proof of constructive notice.

**B.     The Gap Was Open and Obvious**

Walmart also argued that summary judgment was due to be granted in its favor because the cases of water on the pallet was an open and obvious condition.

Under Alabama law, owners have "no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part." *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741-42 (Ala. 2009) (citing *Ex parte Mountain Top Indoor Flea Mkt., Inc.*, 699 So. 2d 158, 161 (Ala. 1997)); *see also Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002) (arguing the "entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger;" where superior knowledge is lacking, no liability (alterations in original)).

Whether a condition is open and obvious is determined objectively. *See Dolgencorp, Inc.*, 28 So. 3d at 741-42; *Jones Food Co. v. Shipman*, 981 So. 2d 355, 362-63 (Ala. 2006). "A condition is 'open and obvious' when it is 'known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care.'" *Denmark*, 844 So. 2d at 1194 (alterations in original) (emphasis added) (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)). Therefore, "the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap." *Sessions v. Nonnenmann*, 842 So. 2d 649, 653-54 (Ala. 2002). Furthermore, "[q]uestions of openness and obviousness of a defect or danger . . . are generally not to be resolved on a motion for summary judgment." *McClurg v. Birmingham*

*Realty Co.*, 300 So. 3d 1115, 1119 (Ala. 2020) (quoting *Ex parte Kraatz*, 775 So. 2d 801, 804 (Ala. 2000)); *see also Denmark*, 844 So. 2d at 1195 ("Whether a condition is open and obvious is generally a question for the jury.").

Here, a review of the photographic evidence shows the size of the display, its contents, the location of each case of water, and the cardboard sheet covering the cases of water below. The cardboard was not hidden; and Plaintiff cannot reasonably claim that she expected a sheet of cardboard to support a heavy load of water without a solid surface underneath. It does not matter Plaintiff did not see the "gap" under the cardboard–any Walmart shopper would reasonably expect that some cases of water had already been sold and were absent from the pallet. The totality of the circumstances allows for only one conclusion to be drawn from the evidence–the cases of water and the cardboard were both open and obvious to a reasonable person, which eliminates any duty on the part of Walmart to warn of "gaps" in the merchandise or of the presence of cardboard. Walmart, therefore, is entitled to summary judgment as a matter of law in its favor as to Count 1.

## C.    There Is No Proof of Negligent Supervision or Training Proximately Causing Any Injury

Walmart is entitled to summary judgment on Count 2 alleging negligent supervision or training as the essence of this theory of recovery is that, notwithstanding knowledge of an employee's incompetence, the employer fails to properly train or supervise the employee, resulting in the employee's incompetence proximately causing injury to another.

The elements of the tort of negligent supervision or training include (1) knowledge by the employer of the employee's incompetence, *see Gilmer v. Crestview Mem'l Funeral Home, Inc.*, 35 So. 3d 585, 596 (Ala. 2009); (2) actual incompetence by the employee; and (3) the incompetence proximately causing injury, *Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 987 (Ala. 1999) (quoting *Thompson v. Havard*, 235 So. 2d 853 (Ala. 1970)).

In this case, there is no evidence that proves any of the elements of this claim. For instance, Plaintiff has not identified a particular Walmart employee whose incompetence allegedly allowed the "condition" about which she complains to exist. Plaintiff has not identified prior occasions during which such an employee (or any employee) failed to correct a particular condition. Accordingly, Walmart is entitled to summary judgment as a matter of law in its favor as to Count 2.

## V. CONCLUSION

Based on the foregoing discussion and analysis, the motion for summary judgment (Doc. 35) is **GRANTED**, and Plaintiff Susan Ayla Rose's claim against Defendant Walmart, Inc., are **DISMISSED with prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 9th day of December 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE